**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:09CV-P83-M**

JOSHUA HARRISON                                                              PLAINTIFF

v.

DAVID OSBORNE                                                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Joshua Harrison filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.  This

matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A and

*McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that follow, the Court

will allow part of Plaintiff's claims to proceed for further development and dismiss the

remaining claims.

**I.  SUMMARY OF CLAIMS**

Plaintiff is a prisoner currently incarcerated at the Daviess County Detention Center

("DCDC").  He files suit against DCDC Jailer David Osborne in his individual and official

capacities.  In the complaint, Plaintiff alleges that, "This Facility has No Fire Sprinkler Systems

Inside The living quarters, Nor Are They Any Fire Extinguishers In or Close To The Cells.

Putting Me In Risk of Harm If A Fire Was To Take Place."  Plaintiff further alleges that, "Theres

No Exit or Flood Lights Providing Me or Inmates with Proper direction From Inside The Cells

Incase of An Emergency."  He also alleges that, "David Osborne Nor His Deputies Never

Practicies Fire or Tornado Drills."  Plaintiff states, "I Feel In Danger If A Fire or Emergency

Was To Take Place Do To David Osborne's Neglect As Jailer."

Finally, Plaintiff states, "I Dont Know The Amendments or KRS Codes At This Time 'Cause This Jail Does Not Provide Inmates Access To A Law Library.  However I do Know My Rights Are Being Violated.  I Feel My Life Is In Danger At This Facility."  As relief, Plaintiff seeks $100,000 in money damages, $100,000 in punitive damages, and injunctive relief in the form of a transfer.

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009)

(citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the

district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488

(quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of

'further factual enhancement.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555,

557).

        Although this Court recognizes that *pro se* pleadings are to be held to a less stringent

standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the

duty does not require the Court "to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d

16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*,

518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to

explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the

district court from its legitimate advisory role to the improper role of an advocate seeking out the

strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*,

775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

**A.**    <u>**Fire safety**</u>

        As a general principle, a prison official has a duty under the Eighth Amendment to ensure

the "reasonable safety" of inmates.  *See Farmer v. Brennan*, 511 U.S. 825, 844 (1994).  "A

prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate

violates the Eighth Amendment."  *Id.* at 828.  A prison official is liable for failing to protect an

inmate when a plaintiff proves that, "the official knows of and disregards an excessive risk to

inmate health or safety; the official must both be aware of facts from which the inference could

be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

at 837.

Construing the complaint broadly, as the Court is required to do at this stage, *Boag v.*

*MacDougall,* 454 U.S. 364 (1982) (per curiam), the Court will allow Plaintiff's individual and

official-capacity claims for monetary damages and injunctive relief concerning the lack of fire

sprinklers, fire extinguishers, exit or flood lights, and safety drills to go forward for further

development against Defendant Osborne.

**B.      Law library**

The complaint is unclear whether Plaintiff asserts a separate constitutional violation

based on his allegation that the DCDC does not provide access to a law library.  To the extent

that Plaintiff asserts such a claim, however, the claim fails.  Prisoners have a First and

Fourteenth Amendment right of access to the courts.  *See Lewis v. Casey*, 518 U.S. 343, 354

(1996).  However, "'[m]eaningful access to the courts is the touchstone,' and the inmate

therefore must go one step further and demonstrate that the alleged shortcomings in the library or

legal assistance program hindered his efforts to pursue a legal claim." *Id.* at 351 (1996) (internal

citations omitted).  "Examples of actual prejudice to pending or contemplated litigation include

having a case dismissed, being unable to file a complaint, and missing a court-imposed

deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).  Plaintiff has alleged no

such injury in his complaint.  Therefore, Plaintiff fails to state a cognizable constitutional claim

in being denied access to a law library, and his individual and official-capacity claims against

4

Defendant alleging such denial will be dismissed for failure to state a claim upon which relief may be granted.

The Court will enter a separate Scheduling Order governing the development of the claims which will be permitted to proceed and will enter a separate Order dismissing all other claims.

Date:

cc:     Plaintiff, *pro se*
        Defendant
        Daviess County Attorney
4414.010