UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:09CV-P83-M

JOSHUA HARRISON                                                                      PLAINTIFF

v.

DAVID OSBORNE                                                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joshua Harrison filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 alleging Defendant David Osborne violated his rights in failing to provide fire safety precautions as Jailer of the Daviess County Detention Center (DCDC). This matter is before the Court on Defendant Osborne's motion for summary judgment (DN 15). The motion is ripe for decision. Upon review, for the reasons set forth below, the Court will grant Defendant Osborne summary judgment.

**I.**

At the time pertinent to the complaint, Plaintiff was incarcerated at the DCDC. Plaintiff asserts that the DCDC has no fire sprinkler systems in the living quarters and no fire extinguishers or flood lights close to the cells. He also asserts that Defendant Osborne and his deputies do not practice fire or tornado drills. Plaintiff states that his rights were violated and his life was in danger at the DCDC.

**II.**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The party moving

for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the nonmoving party will bear the burden at trial on a dispositive issue, the nonmoving party must go beyond the pleadings and by his own affidavits, "or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted, citing Fed. R. Civ. P. 56(e)). If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**III.**

In his motion for summary judgment, Defendant Osborne argues that Plaintiff failed to exhaust his administrative remedies; that Plaintiff abandoned his claim; that the County is immune from punitive damages; and that his claim for injunctive relief is moot because Plaintiff has been transferred from DCDC.

The Court finds that Plaintiff's claim must fail because he has not exhausted his administrative remedies. The Prison Litigation Reform Act (PLRA) is applicable to this case as it applies to suits by prisoners concerning prison conditions. 42 U.S.C. § 1997e. The PLRA states:

2

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Supreme Court has explained "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all administrative remedies is mandatory, and the remedies provided need not meet federal standards or be plain, speedy and effective. *Id.* at 524. Even if the relief sought is not available, exhaustion is still required. *Id.*; *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006). One purpose of this requirement is to give prison officials an opportunity to take corrective action and eliminate the need for a lawsuit. *Porter*, 534 U.S. at 525. Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.*

In support of his motion for summary judgment, Defendant Osborne attaches the DCDC's inmate grievance procedure. He also presents the affidavit of DCDC employee Joni Clark, who states that during Plaintiff's incarceration at the DCDC, Plaintiff never filed any grievance with regard to any issue, including any grievance regarding the fire sprinkler system, the placement of fire extinguishers or exit or flood lights, or the existence of fire or tornado drills. Plaintiff has failed to produce any evidence that he filed grievances relating to these issues or to otherwise respond to the motion for summary judgment. Because Plaintiff failed to exhaust his administrative remedies, summary judgment is proper.

## IV.  ORDER

For the foregoing reasons, **IT IS ORDERED** that the motion for summary judgment by Defendant Osborne (DN 15) is **GRANTED**.  By separate Order, the Court will direct the Clerk to enter summary judgment in favor of Defendant Osborne.

Although Plaintiff did file not a notice of change of address, Defendant Osborne states that Plaintiff was transferred from DCDC subsequent to the filing of this action.  Defendant Osborne served Plaintiff with his motion for summary judgment at the Grant County Jail.  Accordingly, the Clerk of Court is **DIRECTED** to change Plaintiff's address on the docket sheet to the Grant County Jail, 212 Barnes Road, Williamstown, KY  41097.

Date:

cc:	Plaintiff, *pro se*
	Counsel of record
4414.010